# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GRAVES-BEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN A. HEDGEPETH, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01718-LJO-GSA PC<br><br>ORDER DISREGARDING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER<br><br>(Docs. 21 and 22) |

Plaintiff Rodney Graves-Bey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 28, 2009, and on February 4, 2009, Plaintiff filed motions seeking temporary restraining orders against Correctional Officer K. Mathney.[1]

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

---

[1] The January 28, 2009, motion is accompanied by a motion seeking leave to proceed in forma pauperis. Plaintiff was granted in forma pauperis status on December 23, 2008, and his motion will therefore be disregarded.

1

1  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
2  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
3  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
4  Id.

5        Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must
6  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
7  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
8  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
9  1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has
10 no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has
11 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
12 attempt to determine the rights of persons not before the court." Zepeda v. United States
13 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  In addition, any award
14 of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part,
15 "Prospective relief in any civil action with respect to prison conditions shall extend no further than
16 necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court
17 shall not grant or approve any prospective relief unless the court finds that such relief is narrowly
18 drawn, extends no further than necessary to correct the violation of the Federal right, and is the least
19 intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

20       In an order filed on February 13, 2009, the Magistrate Judge screened Plaintiff's complaint
21 pursuant to 28 U.S.C. § 1915A, and found that it does not state any claims upon which relief may
22 be granted under section 1983.  Plaintiff was granted thirty days within which to file an amended
23 complaint.  At this stage in the litigation, there is not yet an actual case or controversy before the
24 Court relating to Officer Matheny's conduct, and the Court does not have jurisdiction over Officer
25 Matheny.
26 ///
27 ///
28 ///

1 | Accordingly, Plaintiff's motion to proceed in forma pauperis is DISREGARDED, and
2 | Plaintiff's motions for a temporary restraining order are DENIED because the Court lacks the
3 | jurisdiction to issue the orders sought by Plaintiff.

IT IS SO ORDERED.

**Dated:     February 23, 2009**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE