# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. GRAVES-BEY, | CASE NO. 1:08-cv-01718-LJO-GSA PC |
| Plaintiff, | ORDER GRANTING MOTION FOR COPY OF DOCKET, AND DIRECTING CLERK'S OFFICE TO PROVIDE COPY |
| v. | |
| WARDEN A. HEDGEPETH, et al., | (Doc. 35) |
| Defendants. | ORDER STRIKING DUPLICATIVE MOTIONS |
| | (Docs. 39 and 40) |
| | ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND AN INVESTIGATOR |
| | (Docs. 37 and 38) |

On June 3, 2009, Plaintiff Rodney A. Graves-Bey, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed a motion seeking a copy of the docket in this case. On July 21, 2009, Plaintiff filed a motion seeking the appointment of counsel and a motion seeking the appointment of an investigator. On July 22, 2009, two motions duplicative of the July 21 motions were filed.

Plaintiff's motion for a copy of the docket shall be granted, and the duplicative motions shall be stricken from the record.

Turning to Plaintiff's motion for counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances.  See Rand, 113 F.3d at 1525.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Therefore, Plaintiff's motion for the appointment of counsel is denied.

With respect to an investigator, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'"  Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollum, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976)).  The in forma pauperis statute does not authorize the expenditure of public funds for the appointment of an investigator, and Plaintiff's motion is denied.  28 U.S.C. § 1915.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a copy of the docket in this case, filed June 3, 2009, is GRANTED, and the Clerk's Office shall send Plaintiff a copy of the docket;

2. Plaintiff's duplicative motions for the appointment of counsel and an investigator, filed July 22, 2009, are STRICKEN; and

3. Plaintiff's motions for the appointment of counsel and an investigator, filed July 21, 2009, are DENIED.

IT IS SO ORDERED.

Dated:   **November 9, 2009**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE