UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GRAVES-BEY,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN A. HEDGEPETH, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01718-LJO-GSA PC<br><br>SCREENING ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS FROM AMENDED COMPLAINT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE TO INITIATE SERVICE OF PROCESS<br><br>(Doc. 33) |

**Screening Order**

**I.    Screening Requirement**

    Plaintiff Rodney Graves-Bey, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 5, 2008. On February 17, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. Plaintiff filed an amended complaint on May 11, 2009.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.   Plaintiff's Claims

### A.   Summary of Plaintiff's Amended Complaint

Plaintiff, who is currently housed at California State Prison-Los Angeles County, brings this action against prison officials based on events which occurred while he was housed at Kern Valley State Prison. Plaintiff names Warden A. Hedgepeth; Correctional Officers M. Spry, A. Wesselman, J. Castillo, and K. Matheny; Lieutenant B. Teasdale; and Sergeants Flippo and D. Wattrel as defendants, and is seeking money damages and injunctive relief for the violation of his rights under the United States Constitution.

Plaintiff alleges that in March 2008, in retaliation against him for writing up Defendant Wesselman, Defendant Spry closed the cell door on Plaintiff's face, violating his right to be free from the use of excessive force. Following the incident, Defendant Wesselman wrote a false report to cover up the incident.

Plaintiff and the inmate who was his cellmate at Kern Valley State Prison are homosexual, and Plaintiff alleges that Defendant Castillo called them "freak-hate names for homosexuals," and then began to steal his personal and legal mail, destroying it to keep Plaintiff from reporting him. (Doc. 33, Amend. Comp., § IV.) Plaintiff alleges that Defendant Wesselman also began to steal his personal and legal mail, destroying it to keep Plaintiff from reporting her abusive treatment of him.

Plaintiff alleges that Defendants Flippo, Teasdale, and Wattrel wrote false reports to cover up the fact that his chin bone was closed in the cell door by Defendant Spry, and were "behind" many of the forms of retaliation taken against Plaintiff. (Id.) Plaintiff alleges that Defendant

2

Matheny verbally abused him every day, made him live in a cell with human waste and a broken toilet for four days, sought to create conflict between Plaintiff and inmates of other races, stole his legal books, and was "behind" having other officers discriminate against Plaintiff based on his homosexuality. (Id.)

### B.     Claims Arising Out of Incident of Force

#### 1.     Excessive Force Claim

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force . . . ." Id. at 9-10 (internal quotations and citations omitted). Only force which is employed "maliciously and sadistically to cause harm" rises to the level of an Eighth Amendment violation. Id. at 7.

In his amended complaint, Plaintiff alleges that Defendant Spry "violated [his] rights by use of force of violence when he close[d] the cell door on [his] face as a degree of retaliation for writing up Officer Wessleman." (Amend. Comp., § IV.) Plaintiff subsequently alleges that his chin bone was closed in the cell door. (Id.) No injuries are alleged, and the Court takes judicial notice of the allegation in the original complaint that Spry closed the cell door on Plaintiff's face, and then wrote a false report to cover up his "incompetency." (Doc. 1, Comp., § IV.)

The Court finds that Plaintiff's allegations fall short of stating a claim against Defendant Spry for violating the Eighth Amendment by acting sadistically and maliciously. Plaintiff was previously notified that although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). In this instance, the Court finds that Plaintiff's bare allegation of having the door closed on his face falls short of stating a plausible claim for relief for violation of his constitutional rights. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility

that Defendant Spry acted unlawfully falls short of meeting the plausibility standard.  Id. Accordingly, Plaintiff's excessive force claim shall be dismissed.

### 2. False Reports

Plaintiff's allegations that Defendants Wesselman, Flippo, Teasdale, and Wattrel wrote false reports to cover up the incident do not support a claim under section 1983.  See Mangum v. Action Collection Service, Inc., 575 F.3d 935, 941 (9th Cir. 2009) (to state a claim under section 1983, a plaintiff must show the deprivation of a constitutional or federal statutory right).  The issuance of a false report, alone, is not a constitutional violation.  See Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005) (in order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a protected interest; Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (no due process right to an accurate prison record).  This claim shall also be dismissed.

### 3. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegation that Defendant Spry shut the cell door on him in retaliation for writing up Defendant Wesselman is sufficient to state a claim under section 1983.  Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009).  Plaintiff's other claims of retaliation are so vague that they do not give rise to any viable claims for relief.

### C. Other Claims

#### 1. Verbal Harassment

Mere verbal harassment or abuse does not violate the Constitution and does not give rise to a claim for relief under section 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Therefore, Plaintiff's allegation that he was verbally abused because he is homosexual does not support a claim for relief. The claim shall be dismissed.

### 2. Discrimination

Plaintiff alleges that he was discriminated against based on his homosexuality. However, other than verbal harassment, which alone does not support a claim for violation of the Constitution, Plaintiff has alleged no facts supporting a claim that discriminatory action was intentionally taken against him on the basis of his membership in a protected class, see e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that he was intentionally treated differently than other similarly situated individuals without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Accordingly, Plaintiff fails to state an equal protection claim. The claim shall be dismissed with prejudice.

### 3. Theft of Mail

To the extent that Plaintiff's allegations that Defendants Wesselman and Castillo were stealing his mail and destroying it are sufficient to state a claim under the First Amendment, the claim must be raised in a separate action because it is unrelated to Plaintiff's retaliation claim arising from the incident in which Plaintiff's face was hit with the cell door. As Plaintiff was informed in the first screening order, "[t]he controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's First Amendment mail claim shall be dismissed, without prejudice, under Rule 18(a).

///

### 4. **Claims Against Defendant Matheny**

In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Plaintiff's vague allegation that Defendant Matheny subjected him to a waste filled cell with a broken toilet for four days is not sufficiently specific to state a claim against Matheny for violation of the Eighth Amendment.

Further, Plaintiff's bare allegation that Defendant Matheny stole his legal books does not support a claim for relief. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984).

Plaintiff was not previously notified of the deficiencies of these particular claims, but they are subject to dismissal from this action, without prejudice, pursuant to Rule 18(a).

### 5. **Claim Against Defendant Hedgepeth**

Plaintiff's amended complaint is devoid of any allegations against Defendant Hedgepeth. As Plaintiff was previously advised, liability may not be imposed on Defendant simply because he is the warden. Iqbal at 1948-49. Defendant Hedgpeth shall be dismissed.

### 6. **Claims for Injunctive Relief**

Finally, in addition to money damages, Plaintiff seeks an order prohibiting the theft of his mail, and a full investigation and referral of all misconduct for prosecution. Because this action is not proceeding on a claim for ongoing mail theft, the Court has no jurisdiction to issue the order sought and that claim for relief is dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006); 18 U.S.C. § 3626(a)(1)(A). Further, the Court has no jurisdiction to order an investigation and refer matters of misconduct for prosecution. Id. Therefore, that claim is also dismissed. This matter shall proceed as one for money damages only, as is appropriate given that the incident giving rise to the viable claim in this action involves past conduct limited to an incident in March 2008 at a prison at which Plaintiff is no longer housed. Id.

///

### III. Conclusion and Order

Plaintiff's amended complaint states a cognizable claim against Defendant Spry for retaliation, in violation of the First Amendment. However, no other claims are cognizable in this action. Plaintiff was previously given notice of the applicable legal standards and the deficiencies in his claims arising from the use of force and the issuance of false reports, claims which are related to his retaliation claim and which are properly brought in this action. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff failed to cure the deficiencies. Therefore, the claims are subject to dismissal, with prejudice. Id.

Also subject to dismissal for failure to state a claim are Plaintiff's claims arising from verbal harassment and discrimination, all other claims for retaliation, and Plaintiff's claims for injunctive relief. Plaintiff was previously notified of the deficiencies in his harassment and discrimination claims, and was notified that he is required to allege factual allegations with sufficient specificity to avoid mere speculation. Twombly at 555. Further, the deficiencies in his claims for equitable relief are not curable.

Finally, Plaintiff's claims arising from the theft of his mail and legal books, and the condition of his cell are dismissed pursuant to Rule 18(a).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action shall proceed for money damages on Plaintiff's amended complaint, filed May 11, 2009, against Defendant Spry for retaliation in violation of the First Amendment, arising out of the incident in which Plaintiff's face was closed in the cell door;

2. Plaintiff's claim against Defendant Spry for use of excessive force is dismissed, with prejudice, for failure to state a claim under section 1983;

3. Plaintiff's claims against Defendants Wesselman, Flippo, Teasdale, and Wattrel for writing false reports to cover up the cell door incident are dismissed, with prejudice, for failure to state a claim under section 1983;

4. Plaintiff's retaliation claims, other than his aforementioned claim against Defendant Spry, are dismissed, with prejudice, for failure to state a claim under section 1983;

5.  Plaintiff's claims that he was verbally harassed and discriminated against based on his homosexuality are dismissed, with prejudice, for failure to state a claim under section 1983;

6.  Plaintiff's claims arising from the theft and destruction of his personal and legal mail, and against Defendant Matheny for stealing his legal books and subjecting him to a cell with a broken toilet and human waste are dismissed, without prejudice, pursuant to Rule 18(a);

7.  Plaintiff's claims for injunctive relief are dismissed for failure to state a claim;

8.  Defendants Hedgepeth, Wesselman, Flippo, Teasdale, Wattrel, Castillo, and Matheny are dismissed from this action; and

9.  This matter is referred back to the Magistrate Judge to initiate service of process on Plaintiff's retaliation claim against Defendant Spry.

IT IS SO ORDERED.

**Dated:   December 3, 2009**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE