# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY A. GRAVES-BEY, | CASE NO. 1:08-cv-01718-LJO-GSA PC |
| Plaintiff, | ORDER AUTHORIZING SERVICE OF AMENDED COMPLAINT, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| v. | |
| WARDEN A. HEDGEPETH, et al., | |
| Defendants. | (Docs. 33 and 44) |

Plaintiff Rodney A. Graves-Bey, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 5, 2008. The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and found that it states a claim against Defendant Spry for retaliation, in violation of the First Amendment, arising out of the incident in which Spry closed the cell door on Plaintiff's face.[1] Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).

---

[1] On December 3, 2009, Plaintiff's claim against Defendant Spry for use of excessive force was dismissed, with prejudice, for failure to state a claim under section 1983; Plaintiff's claims against Defendants Wesselman, Flippo, Teasdale, and Wattrel for writing false reports to cover up the cell door incident were dismissed, with prejudice, for failure to state a claim under section 1983; Plaintiff's retaliation claims, other than his aforementioned claim against Defendant Spry, were dismissed, with prejudice, for failure to state a claim under section 1983; Plaintiff's claims that he was verbally harassed and discriminated against based on his homosexuality were dismissed, with prejudice, for failure to state a claim under section 1983; Plaintiff's claims arising from the theft and destruction of his personal and legal mail, and against Defendant Matheny for stealing his legal books and subjecting him to a cell with a broken toilet and human waste were dismissed, without prejudice, pursuant to Fed. R. Civ. P. 18(a); Plaintiff's claims for injunctive relief were dismissed for failure to state a claim; and Defendants Hedgepeth, Wesselman, Flippo, Teasdale, Wattrel, Castillo, and Matheny were dismissed from this action. (Doc. 44.)

Accordingly, it is HEREBY ORDERED that:

1. Service shall be initiated on the following defendant:

    **C/O M. SPRY**

2. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed May 11, 2009.

3. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. Completed USM-285 form; and

    c. Two (2) copies of the endorsed amended complaint filed May 11, 2009.

4. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **December 4, 2009**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE