UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GRAVES BEY, ) | 1:08-cv-01718-LJO-GSA-PC |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION FOR A PROTECTIVE ORDER |
| vs. ) | (Doc. 65.) |
| ) | |
| WARDEN A. HEDGEPETH, et al., ) | ORDER STAYING DISCOVERY, |
| ) | EXCEPT FOR LIMITED PURPOSE |
| ) | DESCRIBED BY THIS ORDER, |
| Defendants. ) | PENDING RESOLUTION OF |
| ) | DEFENDANT'S MOTION TO DISMISS |
| ) | (Doc. 64.) |
| _____ ) | |

**I.    BACKGROUND**

Rodney Graves Bey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 5, 2008, and the case now proceeds on the amended complaint filed on May 11, 2009, against defendant C/O Spry ("Defendant") for retaliation in violation of the First Amendment.[1] On July 8, 2010, Defendant filed a motion for a protective order shielding him from having to respond to plaintiff's discovery requests served on May 31, 2010, and staying discovery pending resolution of Defendant's motion to dismiss. (Doc. 65.) On July 29, 2010, Plaintiff filed an opposition to the motion for a protective order. (Doc. 71.)

---

[1] All other claims and defendants were dismissed from this action by the Court on December 3, 2009. (Doc. 44.)

## II. REQUEST FOR PROTECTIVE ORDER

"Upon motion by a party or by the person from whom discovery is sought . . . , and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c).

Defendant requests a protective order staying discovery pending a ruling on his motion to dismiss. Defendant filed a motion to dismiss for failure to exhaust remedies on June 18, 2010. (Doc. 64.) On May 31, 2010, Plaintiff served Defendant with requests for production of documents that are not related to whether Plaintiff exhausted his administrative remedies. (Deft's Motion for Protective Order, Exh. A.) The responses to the request for documents are due on July 19, 2010. Defendant requests a protective order to protect him from the burden of responding to discovery that will be unnecessary if the Court grants the motion to dismiss. Defendant argues that it would serve the interest of judicial economy to stay discovery until after the Court rules on the motion to dismiss.

In opposition, Plaintiff argues that discovery should not be stayed, because under Rule 26(a), Plaintiff has the right to discovery, and his need for discovery outweighs the burden that responding to discovery will impose on Defendant. Plaintiff contends that he has exhausted his administrative remedies before filing suit, and Defendant is offering false evidence against him. Plaintiff argues that to stay discovery would deny Plaintiff his rights to judicial protection and equal protection.

Based on a review of Defendant's pending motion to dismiss and Plaintiff's request for production of documents, the court finds good cause for granting Defendant's motion for a protective order. See Wood v. McEwen, 644 F2d. 797, 801-02 (9th Cir. 1981). Defendant's motion to dismiss is based only on the ground that Plaintiff failed to exhaust administrative remedies, and Plaintiff's request is for documents which are not related to the exhaustion of remedies. Plaintiff's request is for fifteen documents or groups of documents, and it appears to the Court that Defendant will be required to conduct considerable research before responding. Resolution of Defendant's motion to dismiss may cause discovery to be unnecessary. Thus, Plaintiff's need for immediate discovery is outweighed by Defendant's burden in responding to Plaintiff's discovery requests, when Defendant's response may be unnecessary. Accordingly, discovery shall be stayed in this action, except for discovery related to

///

whether Plaintiff has exhausted administrative remedies, pending resolution of Defendant's motion to dismiss.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order, filed July 8, 2010, is GRANTED;
2. Discovery in this action is stayed, except for discovery related to whether Plaintiff has exhausted administrative remedies, pending resolution of the motion to dismiss filed by Defendant on June 18, 2010; and
3. Following the resolution of Defendant's motion to dismiss, the Court shall issue a new scheduling order if needed.

IT IS SO ORDERED.

Dated:   **August 2, 2010**                      **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE