# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GRAVES BEY, | 1:08-cv-01718-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECUSAL OF MAGISTRATE JUDGE GARY S. AUSTIN |
| v. | (Doc. 72.) |
| WARDEN A. HEDGEPETH, et al., | |
| Defendants. | |

Rodney Graves Bey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 11, 2010, Plaintiff filed a motion for Magistrate Judge Gary S. Austin to recuse himself from this action.

A judge must disqualify him or herself where there is bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535, 110 L.Ed.2d 492 (1990). The bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. at 1046; In re Corey, 892 F.2d 829, 839 (9th Cir. 1989). A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Nilsson, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). " 'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.' " In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127

L.Ed.2d 474 (1994)). " 'In and of themselves .., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.' " Id. Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Plaintiff has filed an affidavit arguing that Magistrate Judge Austin is biased against Plaintiff and should recuse himself for that reason. Plaintiff alleges that all of the rulings in this case by Magistrate Judge Austin have been in Defendants' favor, even though Plaintiff has pointed out the "trickery and underhanded deceitfulness" used by the Attorney General. Plaintiff claims the Attorney General has created a false claim in this action under the First Amendment, when Plaintiff brought claims under the Eighth and Fourteenth Amendments. Plaintiff also contends that his motions for appointment of counsel should have been granted because of his mental and physical disabilities, of which he submitted evidence. Plaintiff claims that these acts violate his rights to equal protection. Plaintiff requests that Magistrate Judge Austin recuse himself, and that all rulings in this action be re-examined for unfairness.

Plaintiff's motion for removal or recusal must be denied, because a judge's rulings while presiding over a case do not constitute extra-judicial conduct. See Nilsson, 854 F.2d at 1538, 1548. All of Plaintiff's allegations stem from rulings made by Magistrate Judge Austin while presiding over Plaintiff's present case. Plaintiff's disagreement with the Court's rulings is not a legitimate ground for seeking recusal, and Plaintiff's motion shall be denied, with prejudice.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for recusal of Magistrate Judge Gary S. Austin, filed on August 11, 2010, is DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   August 24, 2010**               /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE