# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GRAVES BEY, | 1:08-cv-01718-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT SPRY'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| WARDEN A. HEDGEPETH, et al., | (Doc. 64.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.   BACKGROUND

Rodney Graves Bey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on November 5, 2008 at the Sacramento Division of the United States District Court for the Eastern District of California.  (Doc. 1.)  On November 12, 2008, the case was transferred to the Fresno Division of the Eastern District.  (Doc. 4.)  This action now proceeds on the First Amended Complaint filed on May 11, 2009, against defendant Correctional Officer ("C/O") Spry ("Defendant") for retaliation in violation of the First Amendment.[1]  (Doc. 33.)

---

[1] All other claims and defendants were dismissed from this action by the Court on December 3, 2009.  (Doc. 44.)

1

On June 16, 2010, Defendant filed a motion to dismiss this action for failure to exhaust remedies. (Doc. 64.) Plaintiff filed an opposition on July 13, 2010, and Defendant filed a reply on July 21, 2010. (Docs. 68, 70.) Defendant's motion is now before the Court.

## II.     PLAINTIFF'S CLAIMS AND ALLEGATIONS[2]

Plaintiff, who is currently housed at Mule Creek State Prison in Ione, California, brings this action based on events which occurred while he was housed at Kern Valley State Prison. Plaintiff alleges that in March 2008, in retaliation against him for writing up C/O Wesselman, C/O Spry closed the cell door on Plaintiff's face. Plaintiff brings a claim for retaliation under the First Amendment against C/O Spry.

## III.    UNENUMERATED RULE 12(b) MOTION TO DISMISS FOR FAILURE TO EXHAUST

Defendant argues that Plaintiff's case should be dismissed, because Plaintiff did not exhaust his administrative remedies until after he filed his complaint.

### A.     Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of

---

[2] This summary includes Plaintiff's claims in the First Amended Complaint found cognizable by the Court on December 3, 2009, and Plaintiff's related allegations, upon which this case now proceeds. (Doc. 44.)

exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt, 315 F.3d at 1119. "[T]here can be no 'absence of exhaustion' unless *some* relief remains 'available.'" Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). "[A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief already granted as a result of that process." Id. at 936-37. Therefore, if some remedy is available, Plaintiff has not exhausted his remedies.

The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**B.    CDCR's Administrative Grievance System**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

**C.    Defendant's Position**

Defendant argues that Plaintiff's case should be dismissed because Plaintiff did not exhaust his administrative remedies until after he filed his complaint. Defendant submits

evidence that Plaintiff did not obtain the third-level decision for Appeal KVSP-08-00990, which concerned C/O Spry allegedly closing the cell door on Plaintiff's face on March 21, 2008, until December 2, 2008, after Plaintiff had filed suit on November 5, 2008. (MTD, Doc. 64, Exh. A; Cmp., Doc. 1.)

### D.     Plaintiff's Opposition

The Court looks to Plaintiff's opposition and verified complaints.[3]

Plaintiff argues that his case should not be dismissed, because the Complaint for this action was not "filed" until December 19, 2008, seventeen days after he obtained the third-level decision for his Appeal KVSP-08-00990 on December 2, 2008. Plaintiff claims he sent documents to the Court on November 5, 2008, asking for an injunction to stop harassment, also submitting the Complaint to be "logged on record" for safety purposes. Id. at 18:15-24. Plaintiff contends that the Complaint was not "filed," until December 19, 2008, when he submitted his application to proceed in forma pauperis. Id. at 67:23-25, Exh. A.

Plaintiff also appears to argue that he should be excused from completing the appeals process because staff at the prison did everything in their power to hinder him. Id. at 16:16-18. Plaintiff claims that officers tampered with his mail, harassed him, abused him, changed his job positions, and caused conflicts between him and his cellmate. Id. at 16:19-22. Plaintiff claims he was deliberately discriminated against for filing a staff complaint. Id. at 17:2-3. He provides evidence that he wrote to the Warden and other agencies for assistance with the abuse. Id. at 16:27-28, Exhs. at 35, 38, 39-44, 48-49, et seq.

### E.     Defendants' Reply

In his reply, Defendant re-asserts his argument that Plaintiff failed to exhaust his remedies prior to filing this lawsuit. Defendant refers to evidence on the Court's docket confirming that Plaintiff filed his initial Complaint for this action on November 5, 2008, and that he filed an

---

[3]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original Complaint and First Amended Complaint under penalty of perjury. (Docs. 1, 33.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints. Plaintiff's opposition, filed July 13, 2010, is not verified. (Doc. 67.) However, Plaintiff's affidavit in support of the opposition is verified and constitutes admissible evidence. (Doc. 67 at 16-21.)

application to proceed in forma pauperis, not a complaint, on December 19, 2008.  (Docs. 1, 19.)

With regard to Plaintiff's assertion that prison staff hindered his ability to complete the appeals process, Defendant argues that any difficulties Plaintiff faced did not eliminate his obligation to exhaust his available administrative remedies, citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2000) and <u>Booth v. Churner</u>, 532 U.S. 731, 741 (courts should not read futility or other exceptions into 42 U.S.C. § 1997e(a)).

### F.  Discussion

Plaintiff incorrectly asserts that his Complaint was filed on December 19, 2008.  The Court's docket confirms that the Complaint commencing this action was filed on November 5, 2008.  (Doc. 1.)  "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  The Court docket also confirms that on December 19, 2008, Plaintiff filed an application to proceed in forma pauperis, not a complaint.  (Doc. 19.)  Thus, Plaintiff's appeals process was not completed until December 2, 2008, nearly a month *after* the Complaint was filed.  Therefore, Plaintiff failed to exhaust his remedies until *after* he filed suit.

Plaintiff argues that he should be excused from exhausting his remedies because he was harassed and hindered from filing appeals.  However, the PLRA requires that prisoners exhaust the "administrative remedies as are *available*," and pertinent relief remained available to Plaintiff through awaiting the results of the Director's Level decision.  Therefore, Plaintiff failed to comply with § 1997e(a), which required him to exhaust his available remedies *before* filing suit.  Defendants are entitled to dismissal of this action

### IV.  CONCLUSION AND RECOMMENDATION

Defendant has met his burden of demonstrating that Plaintiff failed to exhaust prior to filing suit, pursuant to section 1997e(a).  Plaintiff's Appeal log number KVSP-08-00990 was not exhausted prior to the filing of this action, and Plaintiff has not submitted evidence of any other appeals or circumstances that satisfy the exhaustion requirement.  Therefore, the Court HEREBY RECOMMENDS Defendant's motion to dismiss, filed June 18, 2010, be GRANTED, and this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust.

///

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1).  Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **November 19, 2010**                             **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE